UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at FRANKFORT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Criminal Action No. 3:21-cr-09-GFVT-MAS |
| FRED AGYEMAN, | ) ) ) | |
| Defendant, | ) ) | |

**REPORT AND RECOMMENDATION**

The Court, on referral from the District Court, makes this Report and Recommendation regarding the violations of supervised release conditions by Defendant Fred Agyeman ("Agyeman"). For the reasons stated below, the Court believes Agyeman's term of supervision should be revoked, and he should be sentenced to a term of imprisonment of 24 months with 12 months of supervised release to follow.

### I.  CASE BACKGROUND

On January 15, 2019, Agyeman pleaded guilty to an Information charging him with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in the Southern District of New York. [DE 1-3]. United States District Judge Nelson Stephen Roman sentenced Agyeman to thirty months imprisonment with three years of supervised release to follow. Agyeman began his current term of supervision on April 6, 2021. Judge Roman transferred jurisdiction to the Eastern District of Kentucky on April 15, 2021. [DE 1].

### II.  SUPERVISED RELEASE HISTORY

On July 27, 2021, the United States Probation Office ("USPO") issued a Supervised Release Violation Report ("the Report") charging Agyeman with a violation of his supervised

1

release. Specifically, the Report alleged Agyeman conspired with inmates at the United States Penitentiary at Marion, Illinois (where Agyeman was previously incarcerated) to introduce synthetic cannabinoids into the prison. This allegation is a violation of 21 U.S.C. § 846, as well as Agyeman's first Mandatory Condition of Release: "You must not commit another federal, state or local crime." [DE 1-2]. This constitutes a Grade A violation.

The Court conducted an initial appearance on August 11, 2021. [DE 5]. At the hearing the Court advised Agyeman of his constitutional rights, including his right to a preliminary hearing. Agyeman competently, knowingly, voluntarily, and intelligently waived his right to a preliminary hearing. [DE 5]. Agyeman requested the Court conduct a detention hearing, which the Court scheduled; however, Agyeman later withdrew that request and consented to remain in custody pending his final hearing. [DE 11 and 12].

At the final hearing, the Court found Agyeman competent to enter a knowing, voluntary, and intelligent stipulation to the charged violation. For the purposes of the Rule 32.1 proceedings, Agyeman admitted the factual basis for the violation of 18 U.S.C. § 846 as described in the Report. Accordingly, the Court finds the United States established the violation pursuant to 18 U.S.C. § 3583(e). [DE 13].

The parties agree the United States Sentencing Guidelines ("the Guidelines") propose a sentence of 30 to 37 months, based on the Grade A violation and Agyeman's Criminal History Category of V as determined at the time of sentencing. The parties further agree that regardless of the Guidelines, the maximum term of imprisonment the Court can impose upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3). Should the Court revoke Agyeman's supervised release, the Court may re-impose an additional term of supervised release of three years, less any term of imprisonment imposed upon revocation. *See* 18 U.S.C. § 3583(h).

The United States argued for a sentence at or near the statutory maximum of 24 months, noting that such a sentence represents a significantly lower sentence than suggested in the Guidelines. Agyeman requested leniency and that the Court refrain from re-imposing a term of supervision so that Agyeman, upon completing any term of imprisonment the Court may impose, can move forward in his life. Agyeman chose to exercise his right to allocution at the hearing. He accepted responsibility and apologized for his conduct leading to the supervised release violation.

### III.   ANALYSIS

The Court has evaluated the entire record and considered the arguments presented at the final hearing, the record concerning Agyeman's violations, the presentence investigation report, and the factors set forth in 18 U.S.C. § 3583(e). In recommending a sentence, the Court must consider the nature and circumstances of Agyeman's original conviction, the statutory factors in 18 U.S.C. § 3553 incorporated into § 3583, the Guidelines, and the statutory maximum term of imprisonment. *See United States v. Johnson*, 640 F.3d 195 (6th Cir. 2011).

The first factor to consider is the nature and circumstances of the original offense. Agyeman pleaded guilty to an Information charging him with being a felon in possession of a firearm. The conviction arose from a traffic stop after Agyeman was observed swerving across lane lines in the Town of Southeast, New York. The traffic stop ultimately revealed Agyeman was in possession of a semiautomatic handgun and various ammunition.

The next § 3553 factor to consider is the history and characteristics of the defendant. The presentence investigation report evinces a long pattern of varied criminal history. Agyeman has drug use convictions dating back to 1994, and drug trafficking convictions beginning in 1995, when he was 22 years old. Agyeman is a registered sex offender, having been convicted of third-degree rape of a 14-year-old when he was 24 years old. Agyeman has incurred probation violations, has failed to register as a sex offender, has been convicted of disorderly conduct because

3

he resisted arrest, and was convicted of being a felon in possession of a firearm in the underlying case. He has spent a significant portion of his adult life in custody. These incidents suggest Agyeman has a disregard for the law and is unwilling to conform his behavior. The offense conduct at issue in this violation suggests Agyeman began violating his supervised release conditions almost immediately upon his release. The Court has grave concerns that Agyeman has still not reformed his criminal conduct.

The remaining factors address how to determine what sentence is appropriate in length and type of sentence considering the specific circumstances at bar and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a)(2)-(6). Agyeman's original offense of felon in possession in violation of 18 U.S.C. § 922(g)(1) was a Class C Felony. With an offense level 12 and a Criminal History Category of V, his Guidelines range at the time of sentencing was 27 to 33 months imprisonment. 18 U.S.C. § 922(g)(1) has a statutory maximum of 10 years. The Guidelines range of supervised release for a Class C Felony was one to three years. Agyeman was sentenced to 30 months imprisonment, which was the middle of the Guidelines range, and three years supervised release, which was the high end of the Guidelines range. [DE 1].

Considering that the Guidelines range for Agyeman's term of imprisonment upon revocation is far above the statutory maximum, and the fact that Agyeman violated his supervised released by committing another federal felony almost immediately upon his release, the Court finds that the statutory maximum of 24 months imprisonment is appropriate. Further, because Agyeman was on supervised release for only three and a half months prior to violating, the Court finds it is appropriate to re-impose 12 months of supervised release, which is equal to the maximum of 36 months supervised release, less the 24 months of imprisonment.

There must be a deterrent imposed to reprimand Agyeman's behavior, deter future violations of his supervised release, and motivate behavioral change. 18 U.S.C. § 3553(b) ("to afford adequate deterrence to criminal conduct"). A sentence of 24 months imprisonment with 12 months of supervision to follow is sufficient but not greater than necessary to punish Agyeman's past conduct and deter future misconduct.

## IV. CONCLUSION

Accordingly, for the reasons stated herein, the Court RECOMMENDS:

(1)  Agyeman be found guilty of all violations;

(2)  Revocation with a term of incarceration of twenty-four (24) months; and

(3)  A twelve (12) month term of supervision to follow.

Agyeman preserved his right of allocution. Absent a waiver of allocution, this matter will be placed on Judge Van Tatenhove's docket for an allocution hearing upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). The parties agreed to an abbreviated objection period. Within three (3) days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Entered this 9th day of September, 2021.



Signed By:
Matthew A. Stinnett  *MAS*
United States Magistrate Judge