UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim No.: 3:21-cr-00009-GFVT-MAS-1 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| FRED AGYEMAN, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Matthew A. Stinnett. [R.14.] Mr. Agyeman filed an objection to the Recommendation, asking the Court not to impose an additional term of supervised release after any additional term of incarceration. [R. 15.] For the following reasons, Mr. Agyeman's objections [R. 15] are **OVERRULED** and Judge Stinnett's Report and Recommendation [R. 14] is **ADOPTED**.

**I**

In January 2019, Mr. Agyeman was sentenced in the Southern District of New York to thirty months of imprisonment for one count of being a felon in possession of a firearm. [R. 1-2.] He began his three-year term of supervised release on April 6, 2021. Jurisdiction was transferred to this Court on April 15, 2021. [R. 1.] The USPO issued a Supervised Release Report (the Report) that initiated these proceedings on July 27, 2021. [R. 14 at 1-2.] The Report charges Mr. Agyeman with only one violation: a violation of Mandatory Condition #1, which forbids him from committing another federal, state, or local crime, a Grade A Violation. *Id* at 2.

The Report alleged that Mr. Agyeman was conspiring with inmates to introduce synthetic cannabinoids into his previous prison, the United States Penitentiary in Marion, Illinois, a violation of 21 U.S.C. § 846. *Id.*

Upon his initial appearance before Magistrate Judge Matthew A. Stinnett on August 11, 2021, Judge Stinnett remanded Mr. Agyeman to the custody of the U.S. Marshals. [R. 5.] Mr. Agyeman initially requested a detention hearing, but later withdrew his request. [R. 7; R. 8.] On September 1, 2021, Judge Stinnett held a final revocation hearing where Mr. Agyeman entered a knowing, voluntary, and intelligent stipulation to Violation #1. [R. 13.] Subsequently, Judge Ingram prepared a Report and Recommendation, which evaluates the relevant 18 U.S.C. § 3553 factors. [R. 14.]

With Mr. Agyeman's criminal history category of V and a Grade A Violation, Judge Stinnett calculated his Guidelines Range to be thirty (30) to thirty-seven (37) months. USSG § 7B1.4. The United States requested a sentence at or near the statutory maximum, twenty-four months. [R. 14 at 3.] Mr. Agyeman did not contest that recommendation but did argue for no supervised release to be re-imposed after any term of incarceration. *Id.*

After considering Mr. Agyeman's violation, as well as his history and characteristics, Judge Stinnett found revocation appropriate in this case. *Id.* at 4. Judge Stinnett emphasized that the guidelines range of thirty to thirty-seven months' imprisonment is significantly higher than the statutory maximum of twenty-four months. *Id.* Further, he noted that Mr. Agyeman was only on supervised release for three and a half months before being charged with this violation. *Id.* Accordingly, Judge Stinnett recommended revocation of Mr. Agyeman's term of supervised release, twenty-four months' imprisonment, and re-imposition of a twelve-month term of supervised release. *Id.*

II

The Report and Recommendation stated that the parties agreed to a shortened objection period of three days. [R. 14 at 5.] Mr. Agyeman's objection [R. 15] was not timely under the parties' agreed objection period of three days [R. 14 at 5] but was timely under the statutory fourteen-day response period, 28 U.S.C. § 636(b)(1)(C). Mr. Agyeman's counsel explained that when she agreed to the abbreviated objection period, she did not anticipate Mr. Agyeman's detention facility's lack of communication methods. [R. 15 at 1-2.] In *Patterson v. Mintzes*, the Sixth Circuit explained that the purpose of the *statutory* objection period is to give the district court the opportunity to review the parties' objections and held that this justification is dissipated when the district court nevertheless considers an untimely objection. 717 F.2d 284, 286-87 (6th Cir. 1983). Further, the *Patterson* court pointed out that the statutory language establishing the fourteen-day objection period allows objections "as provided by the rules of court," which incorporates Federal Rules of Civil Procedure allowing the expansion of objection periods. *Id.* (citing 28 U.S.C. 636 (b)(1)). *Patterson* makes clear that the Court can choose to consider untimely objections. While the Court is not obligated to do so, the Court sympathizes with counsel's situation and will consider the objection. *See Bosley v. 21 WFMJ Television, Inc.*, 245 Fed. App'x 445, 456 (6th Cir. 2007).

In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not

permitted, since it duplicates the Magistrate Judge's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Mr. Agyeman filed one objection to Judge Stinnett's Recommendation: an objection to the re-imposition of supervised release following his term of incarceration. [R. 15.] Mr. Agyeman primarily objected to supervised release because it would prevent him from visiting his children in Arizona. *Id*. at 5. While Mr. Agyeman's objection is sufficient to trigger a *de novo* review of Judge Stinnett's recommendation, this objection must be overruled. The Court is compelled by Judge Stinnett's observation that Mr. Agyeman was only on supervised release for three and a half months before being charged with this violation. This history suggests a need for the probation office to work with Mr. Agyeman after his release from imprisonment to prevent further unlawful behavior. *See* 18 U.S.C. 3553 § (a)(2)(B). The Court will note that Standard Condition #3 of Mr. Agyeman's supervised release terms does allow him to travel with the permission of his probation officer. This resolves Mr. Agyeman's primary ground for his objection to re-imposition of a term of supervised release. Therefore, imposition of a term of supervised release following imprisonment with this standard condition balances the desires of the United States and Mr. Agyeman.

## III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Fred Agyeman's objection to the Magistrate's Report and Recommendation [**R. 15**] is **OVERRULED**;

2. The Magistrate's Report and Recommendation [**R. 14**] as to Defendant Agyeman is **ADOPTED** as and for the opinion of the Court;

3. Mr. Agyeman is found **GUILTY** of Violation #1;

4. Mr. Agyeman's Supervised Release is **REVOKED**;

5. Mr. Agyeman is hereby sentenced to **twenty-four (24) months imprisonment**, to be followed by **twelve (12) months of supervised release**;

6. Judgment shall enter promptly.

This the 15th day of October, 2021.

Gregory F. Van Tatenhove
United States District Judge